992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Evelyn NEPHEW, Plaintiff-Appellant,
v.
Donald R. RICE, Secretary of the Air Force, Defendant-Appellee.
 No. 92-6083.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Evelyn Nephew brought suit against defendants, Donald R. Rice, as Secretary of the Air Force, Aletha Tarkington, Johnnie Cash, Jr., and Henry M. Holland, individually and as federal employees, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 to -17, 42 U.S.C. § 1985, and the First and Fifth Amendments to the United States Constitution. In an order issued May 4, 1990, the district court granted defendants' motion for summary judgment on plaintiff's § 1985 and separate constitutional claims, and dismissed all defendants except Donald R. Rice, as Secretary of the Air Force. On January 15, 1992, following a bench trial, the district court found in favor of defendant on plaintiff's Title VII claims. We affirm.
 
 
 3
 Plaintiff, a black female, held the position of Complaints Specialist in the Equal Employment Opportunity Complaints Activity Office (EEO) at Tinker Air Force Base, Oklahoma, from January 1, 1976, until February 14, 1988. Complaints Specialists investigate claims of discrimination and attempt to achieve resolution without judicial intervention.
 
 
 4
 Defendant Aletha Tarkington, plaintiff's supervisor, while encouraging employees to participate in civic and civil rights groups, required that any involvement by employees in "special committees" be reviewed by her. Plaintiff had a history of membership and participation in the NAACP and Blacks in Government (BIG). Upon plaintiff's election as treasurer of BIG, she advised Ms. Tarkington, who then requested to review the organization's constitution to determine if plaintiff's position as treasurer of BIG would create a conflict of interest with her job duties. Ms. Tarkington's review of BIG's constitution led her to believe that plaintiff's position as an officer in an organization dedicated to advocacy for blacks would lead to a conflict with plaintiff's duties as a Complaints Specialist. Ms. Tarkington subsequently advised plaintiff to resign as treasurer of the organization within fourteen days or be subject to disciplinary action. However, Ms. Tarkington did not restrict plaintiff's continued membership in the organization.
 
 
 5
 Following plaintiff's resignation as treasurer of BIG, she filed an EEO complaint alleging that the forced resignation was motivated by racial animus. While resolution of this complaint was pending, plaintiff was transferred from her position as Complaints Specialist to the position of Program Analyst. The parties agreed that this transfer did not involve any change in grade or pay, but plaintiff argued that the transfer out of her career field was, nonetheless, an adverse action in retaliation for filing the EEO complaint. In response, defendants alleged that plaintiff's transfer was based on poor work performance and burnout evidenced by numerous complaints lodged against her.
 
 
 6
 In its order dated May 4, 1990, the district court granted defendants' motion for summary judgment as to plaintiff's § 1985 and independent constitutional claims, and denied the motion as to plaintiff's Title VII claims.[1] Relying on the Supreme Court decision in Bush v. Lucas, 462 U.S. 367 (1983), the district court concluded plaintiff's separate constitutional tort claim was precluded by Title VII, and that plaintiff's First and Fifth Amendment claims of violation of her right of association, outside the Title VII framework, were precluded by the Civil Service Reform Act.[2]
 
 
 7
 In her opening brief, plaintiff states her only challenges as: (1) "Whether federal employment can be conditioned upon the relinquishment of the constitutional right to freedom of association;" and (2) "Whether the agency employees complied with the requirements for limiting off-duty freedom of association of the appellant." Appellant's Br. at 1. Plaintiff premises her arguments on her contention that requiring her to resign her office in the BIG organization violated her First Amendment right of association.
 
 
 8
 Under Title VII, a plaintiff can meet the burden of proving discrimination either directly, by proving the employer acted with a discriminatory motive, or indirectly, by showing the employer's stated reason for its actions was pretextual. Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir.1991). In an attempt to prove a disparate treatment claim in the district court, plaintiff claimed that other Complaints Specialists were treated differently regarding their participation in group advocacy organizations. In order to establish a prima facie case of racial discrimination based on disparate treatment, plaintiff must show (1) that she belongs to a protected group; (2) that she was transferred for violating a rule of her employer; (3) that similarly situated nonminority employees who violated the same rule were dealt with differently. McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1260 (10th Cir.1988).
 
 
 9
 In cases alleging disparate treatment under Title VII, the plaintiff has the burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff meets this burden, the burden shifts to the defendant to set forth a "legitimate, nondiscriminatory reason" for the employer's action. Id. Finally, if the defendant meets this burden of production, the plaintiff must prove that the proffered reason for defendant's action was a pretext for racial discrimination. Id. at 804.
 
 
 10
 The district court's determination of whether plaintiff met her burden of proof is an issue of fact which we review under the clearly erroneous standard. EEOC v. Flasher Co., 986 F.2d 1312, 1992 WL 430602 at * 3 (10th Cir. Dec. 29, 1992). Upon review of the record and materials furnished to this court, we cannot conclude that the district court's finding was clearly erroneous. Not only did plaintiff fail to establish that other similarly situated employees were treated differently, but the situations she presented to the district court for comparison involved the activities of a black male and a Native American female, neither being nonminorities. In addition, she failed to establish that either of these employees had been allowed to hold elected office in a group advocacy organization, while she had been forced to resign her office. Both of these minority employees testified to the fairness and latitude given employees by Ms. Tarkington in matters of this kind. They testified that they had never had their membership in various organizations restricted, but would expect restrictions if they placed themselves in a policy-making position similar to the position plaintiff held in BIG.
 
 
 11
 In light of the record, we conclude that none of the proffered evidence demonstrated that plaintiff's treatment was due to intentional and purposeful racial discrimination, or that "but for" her race, the actions would not have been taken. Plaintiff presented no direct evidence of defendant's discriminatory motive for either its request that plaintiff resign the treasurer's office in BIG or for its transfer of plaintiff from her Complaints Specialist job. She also failed to present indirect evidence which would call into question her employer's motives. Therefore, plaintiff has not made any showing of pretext and the district court's conclusion that she failed to meet her burden of proof is correct and should be affirmed.
 
 
 12
 We believe plaintiff's proof is equally lacking as to her claim of retaliation. In order to prevail on a retaliation claim, plaintiff must prove that "(1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) she was disadvantaged by an action of her employer subsequent to or contemporaneously with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982). As with a disparate treatment claim, if plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. Id. The district court held that the evidence presented by defendant that plaintiff was transferred due to performance problems was unrebutted. Therefore, plaintiff failed to meet her burden of proving that defendant's stated reasons for the transfer were a pretext for racial discrimination.
 
 
 13
 Insofar as plaintiff's reply brief attempts to present various arguments not presented in the opening brief, those arguments not raised and argued initially will not be addressed. See Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887 (10th Cir.1991) (issues raised for first time in reply brief will not be considered).
 
 
 14
 Plaintiff does not present any meritorious challenge to the court's conclusion that she did not meet her burden of proof for establishing that her constitutional rights were violated in an employment situation because of her race, sex, or national origin. After review of the record on appeal, we are not " 'left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)). Therefore, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record on appeal is very sparse in this case. However, it appears, as best we can ascertain, that defendants' initial motion to dismiss was construed by the district court as a motion for summary judgment, and the parties were given the requisite notice and opportunity to submit further material for the court's consideration. Appellant's App., Order dated May 4, 1990
 
 
 [2]
 We were not provided with plaintiff's complaint in this case, and therefore, we are not aware of the pleaded basis of plaintiff's claims