7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin L. STETLER, Plaintiff-Appellee,
v.
Teresa HAGEDORN FOSHA, Defendant-Appellee.
and
FARMERS INSURANCE COMPANY, INC., Garnishee-Appellant.
 No. 93-3028.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 18, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Garnishee Farmers Insurance Company, Inc. appeals the district court's judgment against it in this excess judgment garnishment action. Plaintiff Kevin L. Stetler was injured in a motorcycle-automobile accident and brought a personal injury claim against Farmers' insured, Teresa Hagedorn Fosha. A jury trial in district court on this claim resulted in a verdict for Stetler in excess of Fosha's policy limits with Farmers. Stetler then filed this garnishment proceeding against Farmers. He contended that Farmers acted negligently and in bad faith in defending the claim,[2] and sought payment of the excess judgment and attorney's fees.
 
 
 4
 The parties agreed to submit the case to a magistrate judge pursuant to 28 U.S.C. 636(c). The magistrate judge entered his Findings, Conclusions, Opinion, Order and Judgment on December 30, 1992, concluding that Farmers had acted negligently and in bad faith, ordering Farmers to pay the excess judgment to Stetler, and reserving the attorney's fees issue for further briefing. On appeal, Farmer's contends that certain of the trial court's findings are clearly erroneous and that the judgment is incorrect as a matter of law. The parties agree that Kansas law applies in this diversity-based action. We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291; see also id. 636(c)(3).
 
 
 5
 We review the trial court's factual findings for clear error. O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990)(quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)).[3] We review the trial court's conclusions of law de novo, Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992), without deference to that court's interpretation of the applicable state law, see Salve Regina College v. Russell, 111 S.Ct. 1217, 1224 (1991).
 
 
 6
 After careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal,[4] we conclude that the trial court's factual findings are not clearly erroneous and that it correctly decided this case under the applicable Kansas law. Therefore, for substantially the reasons stated in the magistrate judge's decision dated December 30, 1992, published as Stetler v. Fosha, 809 F.Supp. 1409 (D. Kan.1992), the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The procedural and factual background of this case is lengthy and complex and is detailed in the trial court's order dated December 30, 1992; the bulk of that discussion will not be repeated here
 
 
 [3]
 Farmers suggests that, because the trial court's factual findings are based on documentary evidence, as opposed to trial testimony, less deference should be paid to those findings, Appellant's Br. at 19, and that this court "is equally capable of drawing its own conclusions as is a trial court," id. at 26. We reject this characterization of the standard of review. While appellate courts once deviated from the deferential standard of Fed.R.Civ.P. 52(a) where factual findings were not based on credibility determinations, the Supreme Court has made it clear, both by decision and by amendment to the rule, that the clearly erroneous standard applies without modification "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985); see also Rule 52(a) and advisory committee's note to 1985 amendment; Willner v. University of Kan., 848 F.2d 1023, 1030 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989)
 
 
 [4]
 Farmers notes that the underlying facts of this case are "somewhat undisputed," but contends that "[c]ounsel is obviously unable to give citations in this brief to every piece of evidence which is available." Appellant's Br. at 49. The appellate rules require an appellant to cite to any part of the record on which it relies, see Fed.R.App.P. 28(a)(5). While Farmers has provided an adequate record for review and has cited extensively to that record in its brief, in the absence of other specific references, we decline to scrutinize the record for further support for Farmer's arguments. See SEC v. Thomas, 965 F.2d 825, 827 (10th Cir.1992)