69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reuben Artis ROSS, Plaintiff-Appellant,
v.
Gerald COOK; Fred Van Der Veur, Deputy Warden; Vincent
Jack; Dean Hobbs; Sargeant Farr; Larry Robison, Captain;
Laddie Pruett, Caseworker; Randy Southwick; Lance
Mcdaniels; Craig Wilson, Defendants-Appellees.
 No. 94-4157.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Reuben Artis Ross, a former inmate at the Utah State Prison, filed this 42 U.S.C.1983 action against several prison employees, alleging that they failed to protect him from assaults by other inmates and provided inadequate medical care in violation of his Eighth Amendment rights, and that they interfered with his access to the courts in violation of his right to due process. The case was referred to a magistrate judge pursuant to 28 U.S.C. 636(b)(1)(B).
 
 
 3
 After a bench trial the magistrate judge summarized the testimony in a lengthy Report and Recommendation, and recommended judgment for defendants.[2] The district court conducted a de novo review, adopted the Report and Recommendation in its entirety, and ordered judgment for defendants. Plaintiff appeals, essentially asserting that the magistrate judge erred in making factual conclusions--specifically, in finding defendants' testimony more credible than plaintiff's testimony.
 
 
 4
 We review findings of fact under a clearly erroneous standard. Unicover World Trade Corp. v. Tri State Mint, Inc., 24 F.3d 1219, 1221-22 (10th Cir.1994). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting Le Maire v. United States, 826 F.2d 949, 953 (10th Cir.1987)).
 
 
 5
 We have examined the entire record and are satisfied that the magistrate judge's Report and Recommendation of September 27, 1993, accurately summarized the trial testimony and correctly stated the applicable law. The record contains evidence supporting the magistrate judge's factual conclusions, and we will not overturn credibility determinations when they are supported by the record.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendants Cook and Van Der Veur were granted summary judgment before trial. On the first day of trial, defendants Southwick, Garfield, McDaniels, and Wilson were dismissed by stipulation of the parties