**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID MAULE; TRACI MAULE,

     Plaintiffs-Appellants,

v.

SOONER TRUCK SALES; GEORGE
CORNELISON; SOONER
EQUIPMENT & LEASING INC., an
Oklahoma Corporation,

     Defendants-Appellees.

No. 99-5218
(D.C. No. 98-CV-84-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs David and Traci Maule appeal from the district court's judgment entered in favor of defendants following a trial to the bench. We affirm.

Plaintiffs arranged to obtain a dump truck from defendant Sooner Truck Sales for use in Mr. Maule's Colorado business. The salesman, although he had been personally told by the prior owner that the truck had 1,034,995 miles on it, represented to Mr. Maule that the truck had only 330,000 miles. Mr. Maule wanted the truck because of the low milage and agreed to purchase it. His application for financing was denied and Sooner referred him to Appleway Equipment & Leasing which agreed to purchase the truck and lease it to him. The lease agreement included an option to purchase at the end of the term.

Before Mr. Maule drove the truck off the lot, problems were discovered. Those were repaired, Mr. Maule drove the truck to Colorado, and undertook his first job. Thereupon, the engine overheated and the truck broke down. He was advised that the engine needed major work and that the erosion on the engine was consistent with a mileage of 600,000 to 700,000 miles. Mr. Maule told Appleway he was going to stop payment on the check to Sooner and suggested that Appleway do the same. Appleway did. The lease agreement was terminated and defendant George Cornelison, owner of Sooner, agreed to rescind the sale and transport the truck and engine parts back to Tulsa.

-2-

However, Mr. Maule decided he wanted to keep the truck and he authorized the necessary repairs. Mr. Maule, Sooner, and Appleway entered into a new agreement which provided that Sooner would pay $6,000 of the repair costs. Appleway advanced $4,500 of the costs and incorporated that amount into its new lease agreement with Mr. Maule. Mr. Maule paid $1,500 outright.

During this time, Mr. Maule met with the prior owner of the truck and learned of the actual mileage on the truck. Plaintiffs then commenced this action alleging violations of the federal Odometer Act, 49 U.S.C. §§ 32701-32711, and state claim s of fraud, breach of contract, and breach of warranty.

The district court entered judgment for defendants .[1] The court found that Mr. Maule knew the mileage on the truck had been misrepresented at the time he negotiated the new agreement with Sooner. Thus, as he had notice of the fraudulent conduct and false representations prior to entering into the new agreement, he did not rely on any false representations from Appleway or Sooner in negotiating the terms of that agreement. The court held that plaintiffs did not retain any cause of action under the original agreement.

On appeal, plaintiffs argue that the district court erred in not finding defendants liable for fraud under Oklahoma law. They contend that they did not

---

[1]    Default judgment was entered against the salesman in the amount of $235,686. He is not a party to this appeal.

have notice of the actual mileage on the truck before the engine was overhauled and that the transfer of the truck was covered by the Odometer Act. Finally, they assert the agreement with Appleway was actually a sale that was not rescinded.

On appeal from a bench trial, we review the district court's "findings of fact for clear error and the court's conclusions of law *de novo*." EEOC v. WilTel, Inc., 81 F.3d 1508, 1513 (10th Cir. 1996); see also Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (issues governed by state law are reviewed de novo by the appellate court). "A finding of fact is not clearly erroneous unless it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) (quotation omitted). Further, "due regard shall be given to the opportunity of the trial court to judge [] the credibility of the witnesses." Fed. R. Civ. P. 52(a).

We agree that plaintiffs have not stated a claim under the Odometer Act as it applies to purchases of vehicles. See 49 U.S.C. § 32705 (setting forth disclosure requirements on transfer of motor vehicles); § 32702(8) (providing that a "transfer" occurs by change of "ownership by sale, gift, or other means"). Plaintiffs' attempts to establish that they were purchasers are disingenuous. An

option to purchase a vehicle at the close of the lease term does not convert a lease agreement into one for sale.

To pursue a claim of fraud under Oklahoma law, plaintiffs must show defendants, knowingly or recklessly, made a material representation that was false, without regard for its truth, intending that plaintiffs act upon it. See Roberson v. PaineWebber, Inc., 998 P.2d 193, 197 (Okla. Ct. App. 1999), cert. denied (2000). Plaintiffs must also show that they suffered injury as a result. See id.

The salesman deliberately misrepresented the mileage of the truck. Although they may not have known the actual mileage, nonetheless, plaintiffs knew the mileage had been misrepresented. Any claims plaintiffs may have had were thus extinguished when they entered into the new agreement. Cf. Fudge v. United Urban Indian Council, Inc., 803 P.2d 268, 271 (Okla. Ct. App. 1990) (Means, J. dissenting) (party may waive a right by acts which indicate an intent to relinquish it); see also Fiedler v. McKea Corp., 605 F.2d 542, 545 (10th Cir. 1979) ( party discovering evidence of fraud after contract performance begins is entitled to affirm contract and sue for fraud only absent some expressed intention to waive the fraud).

The district court's finding that the original agreement had been rescinded is not clear error. Both plaintiffs and Appleway stopped payment on their checks.

Sooner agreed to retake possession of the truck. Thereafter, plaintiffs decided to keep the truck and have it repaired and entered into a new agreement dividing the repair costs between plaintiffs and Sooner.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge