**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY GRIMES,

      Plaintiff-Appellant,

v.

ROY TAYLOR; PAT TAYLOR,

      Defendants-Appellees.

No. 99-7112
(D.C. No. 98-CV-493-BU)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Alleging that he was a citizen of Texas, plaintiff/appellant Jerry Grimes sued Roy and Pat Taylor for negligence after he was injured at their Oklahoma

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

farm. He appeals from dismissal of his complaint under Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Grimes was injured on September 1, 1998, while unloading a bale of hay in Atoka County, Oklahoma. He was hospitalized in Sherman, Texas until October 14, 1998. After his release from the hospital, he stayed with his daughter in Atoka, and was residing there at the time the lawsuit was filed on October 15, 1998. Mr. Grimes alleged that he lived in, and intended to return to, a home in Mesquite, Texas that his wife had owned since 1994. Defendants challenged diversity jurisdiction, and after allowing the parties to supplement their pleadings, the district court ruled that Mr. Grimes was a citizen of Oklahoma, thus barring jurisdiction in the federal courts.

The court relied on the following undisputed facts in making its finding: (1) Grimes last voted in Oklahoma; (2) he listed his address as Atoka, Oklahoma, on W-2 forms in 1995, 1996, and 1998; (3) he was employed by a business located in Pushmataha County, Oklahoma, at the time of the accident; (4) his vehicles were registered and tagged in Oklahoma; (5) shortly after the accident, Grimes' daughter told a newspaper that Grimes resided in Oklahoma; (6) Grimes was listed in the 1998 Atoka telephone book with an Atoka address; (7) Grimes stayed in Atoka both prior to and after the accident; and (8) Grimes' other

daughter testified that she and her husband paid the mortgage on and lived in the Mesquite, Texas residence owned by Grimes' wife. *See* Appellant's App. at 131-33.

A finding of "citizenship and diversity jurisdiction, a mixed question which is primarily factual, should be reviewed under the clearly erroneous standard." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.'" *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). Mr. Grimes argues on appeal that the court's finding of Oklahoma citizenship is clearly erroneous because (1) he was entitled to a presumption of domicile with his wife, whom he claims was residing in Mesquite; (2) he had a Texas driver's license; (3) his primary employment had been in Texas; (4) he had a Texas bank account; and (5) he had no intent to establish a domicile in Oklahoma. The record, however, belies Mr. Grimes' arguments. We note that the record shows that both Mr. Grimes and his wife resided in Atoka with one of their daughters from the date suit was filed until at least April 28, 1999, when Mrs. Grimes' deposition was taken, thus no presumption arises that he was domiciled in Mesquite. *See* Appellant's App. at 107; *see also Leavitt v.*

*Scott*, 338 F.2d 749, 751 (10th Cir. 1964) (holding that diversity is determined at time cause of action is filed, not at time accident occurs). The record also shows that Mr. and Mrs. Grimes were separated at the time she purchased the Mesquite property. *See* Appellant's App. at 109. Mr. Grimes' Texas bank account showed a zero balance in April 1998, *see id.* at 79, and he testified he had not used a bank since before the accident; *see* Appellee's Supp. App. at 27. The record establishes that Mr. Grimes had only a Texas license even when he admittedly was domiciled in Atoka from 1986 through 1993, *see id.* at 49-51, so the absence of an Oklahoma license in 1998 bore no legal significance. Finally, although there is evidence that Mr. Grimes had been employed in Texas in 1997, the district court correctly noted that his 1998 W-2 forms listed Atoka as his address.

There is record support for every factor the district court considered in determining domicile. The district court's factual finding that Mr. Grimes was domiciled in Oklahoma at the time this action was filed was not clearly erroneous. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

-4-