Priscilla CANDELARIA,
Plaintiff–Appellee,

v.

EG & G ENERGY MEASUREMENTS,
INC., Defendant–Appellant.

No. 90–2262.

United States Court of Appeals,
Tenth Circuit.

Sept. 1, 1994.

Rehearing Denied Oct. 13, 1994.

Ronald Segel of Sutin, Thayer & Browne, Albuquerque, NM, for defendant-appellant.

Winston Roberts–Hohl, Santa Fe, NM (George M. Scarborough, Santa Fe, NM, with him on the brief), for plaintiff–appellee.

Before BALDOCK, SETH, and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Defendant-appellant EG & G Energy Measurements, Inc. ("EG & G") appeals a judgment in favor of plaintiff-appellee Priscilla Candelaria entered by the District Court for the District of New Mexico in this diversity

---

suit for breach of contractual obligations.[1] For reasons given below, we reverse.

## I. Facts and Procedural History

The relevant historical facts, as found by the district court, are undisputed. *See* Opening Brief of Defendant–Appellant at 6; Appendix to Opening Brief of Defendant–Appellant (App.) at 23–31.

Ms. Candelaria was employed by EG & G, a Department of Energy (DOE) contractor, in March 1973. In early 1978, she filed a written complaint with DOE claiming that she had been wrongfully denied a promised promotion. In March 1978, the complaint was resolved by a written Conciliation Agreement providing that Ms. Candelaria was to receive a $2,000 lump sum payment, a promotion to the position of Information Specialist (together with a $35 per week salary increase), and a promise by EG & G that "there shall be no discrimination or retaliation of any kind against [Candelaria] for raising this complaint." App. at 51.

In late March 1981, EG & G's Department Manager Mr. Colvin wrote an inter-office memorandum requesting that Ms. Candelaria's job title be changed from Information Specialist (a wage-level 5 position) to Administrative Assistant (a wage-level 1 position). The company's Operations Manager Mr. Jones, however, denied the request, citing the absence of any available Administrative Assistant position.

In 1982, Ms. Candelaria was reassigned from routine clerical tasks to new tasks relating to information storage and retrieval systems. In 1983 and again in 1984, she asked permission to attend certain training sessions relating to her new tasks. However, her requests were denied by the Department Manager, Mr. Wright.

In March 1984, Ms. Candelaria filed a charge of discrimination and retaliation with the New Mexico Human Rights Commission. The commission found in her favor, but its finding was subsequently reversed by a New Mexico state court. Ms. Candelaria did not appeal that decision because she was told by EG & G's Equal Employment Opportunities officer that she would receive further training and the past would be forgotten.

In October 1986, several of Ms. Candelaria's duties were changed and her old duties given to a Document Control Clerk. In October 1987, EG & G underwent a Reduction in Force in which Ms. Candelaria's position was one of those eliminated. However, she was offered a secretarial position (Secretary II) with no reduction in pay, and she accepted that position. Three months later, a new position of Chief Clerk was created. The position was filled by another employee, Mr. Baca, whose previous position as Senior Document Clerk had a lower job classification than Ms. Candelaria's former position of Information Specialist. Fifteen months later, another Senior Document Clerk, Ms. McClannahan, replaced Mr. Baca as Chief Clerk.

In August 1987, Ms. Candelaria filed this suit in New Mexico state court, alleging *inter alia* that EG & G had breached the Conciliation Agreement by engaging in "continued intentional retaliation" against her. App. at 6. After removal to federal court, the case was tried without a jury, and the district judge entered judgment for Ms. Candelaria on her breach of contract claim. In the court's findings of fact and conclusions of law, the district judge concluded, in relevant part:

2. [EG & G's] conduct constitutes a pattern and practice of intentional, retaliatory conduct against [Candelaria] following the Conciliation Agreement on March 22, 1978, continuing through and beyond the filing of the complaint herein.

3. The personnel action taken by Defendant in eliminating [Candelaria's] position of Information Specialist, demoting her to the position of Secretary II, and failure to

---

1. Ms. Candelaria filed her complaint against EG & G in New Mexico state court and EG & G removed the case to federal court based on diversity of citizenship. In our initial review of the record on appeal, we noted an apparent defect in the district court's jurisdictional findings and ordered a partial remand to amend those findings. Based on the district court's amended findings, we are now satisfied that the jurisdictional requirement of complete diversity has been met and we thus proceed to address the merits of this appeal.

promote her to the position of Administrative Assistant was retaliatory; that the grievances of [Candelaria] in 1978, and thereafter, were the motivating factor behind [EG & G's] personnel actions regarding [Candelaria].

\*　\*　\*　\*　\*　\*

5. [EG & G] breached the Conciliation Agreement of March 22, 1978.

App. at 32.

As to damages, the judge found that the difference between Ms. Candelaria's actual earnings and what she would have earned had she been "on a regular promotion track from 1978 through the present" was $74,800. Accordingly, the judge awarded damages in that amount. *Id.* at 33.

On appeal, EG & G asserts two principal errors. First, EG & G claims that the district court erred in finding that EG & G retaliated against Ms. Candelaria in violation of the Conciliation Agreement. Second, EG & G asserts that if there was a breach of the Agreement, the district court erred in its assessment of damages. We agree with EG & G's first contention and thus need not reach the latter.

## II. Standard of Review

We review the district court's factual findings under the clearly erroneous standard. Fed.R.Civ.P. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). *See also O'Connor v. R.F. Lafferty & Co.,* 965 F.2d 893, 901 (10th Cir.1992); *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). The clearly erroneous standard applies to the review of " '[f]indings as to the design, motive and intent with which men act.' " *Pullman–Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982) (quoting *United States v. Yellow Cab Co.,* 338 U.S. 338, 341, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949)).

## III. Discussion

As noted, the district court found that EG & G's employment actions against Ms. Candelaria constituted a "pattern and practice of intentional retaliatory conduct against [Candelaria] following the Conciliation Agreement on March 22, 1978, continuing through and beyond the filing of the complaint herein." The judge concluded that "[EG & G] breached the Conciliation Agreement of March 22, 1978." App. at 32. From our review of the record as a whole, we conclude that the court's finding of a breach of the Conciliation Agreement is not supported by adequate proof of causation for retaliatory acts by EG & G. Thus the judgment against EG & G for breach of contract must be reversed.

While the record amply supports the district court's finding that EG & G made various employment decisions adversely affecting Ms. Candelaria beginning in March 1981, the record lacks sufficient evidence—direct or circumstantial—indicating that EG & G made those decisions in retaliation for Ms. Candelaria's 1978 complaint against the company. It is true that plaintiff Ms. Candelaria made a statement as to her "perception" of why she was not being promoted, over an objection based on "speculation." After testifying that she applied for promotions about four or five times, which she did not receive, she was asked:

Q  Do you—what is your perception of why you are not getting promoted?

MR. SEGEL [counsel for defendant]: Objection, that's speculation.

THE COURT: No, I think that's proper. Objection's overruled.

A  I am told that I'm not qualified.

Q  (By Mr. Scarborough) Okay; but why do you believe you're not being promoted?

A  Because I filed that lawsuit and because I filed that internal grievance in '78.

*Id.* at 54. We cannot agree that Ms. Candelaria's belief, with no supporting evidence, can serve as sufficient support for the trial judge's ultimate finding that retaliation was the defendant's motive.

■  We are mindful that a retaliatory motive can be inferred from the fact that an

adverse employment action follows charges by an employee against his/her employer. Such an inference can only be made, however, where "close temporal proximity" exists between the bringing of charges and the subsequent adverse action. *Smith v. Maschner*, 899 F.2d 940, 948–49 (10th Cir.1990) (addressing retaliation claim in civil rights action under 42 U.S.C. §§ 1983, 1985 and 1986, and finding evidence on inference of retaliatory motive sufficient to avoid summary judgment where adverse action occurred immediately on plaintiff's return from protected court activity). No such inference can be made where the relevant charges preceded the employer's adverse action by as much as three years. *See, e.g., Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir.) (in Title VII suit, no inference of retaliatory motive permitted where employee's charges were not "closely followed by adverse action"; showing of termination "almost three years after" employee filed charges did not establish prima facie case of retaliation), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 110–11 (1st Cir.1988) (in Title VII case, discharge over two-and-one-half years after employee filed EEOC complaint was insufficient showing of retaliation to avoid summary judgment for employer). *Compare Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731–33 (9th Cir.1986) (in Title VII case, discharge of employees two months after their negotiation of EEOC settlement agreements was sufficient evidence of retaliatory motive to avoid summary judgment for employer on ground of failure to establish prima facie case).

We realize that the foregoing cases are civil rights or Title VII cases. Nevertheless, their reasoning regarding the adequacy of causation evidence is persuasive in the context of this contract dispute, and we hold that the same proof principles apply here.

■ The district court's undisputed factual findings indicate that EG & G's first adverse action against Ms. Candelaria was its failure to promote her in March 1981—some three years after Ms. Candelaria's charges against the company in early 1978. In her trial testimony, Ms. Candelaria confirmed that the March 1981 incident marked the first time that she thought the defendant had done anything to violate the Conciliation Agreement; the next time she contended that the company violated the Agreement was in November 1984 when she was given a lot of "Xeroxing" to do. App. at 71. We are persuaded that under *Burrus*, EG & G's employment actions against Ms. Candelaria were not in sufficiently "close temporal proximity" to her 1978 complaint to support an inference of retaliatory motive. Because the record is devoid of sufficient direct or circumstantial evidence of retaliatory motive, the district court clearly erred in finding that EG & G's employment actions constituted retaliation against Ms. Candelaria in violation of the Conciliation Agreement.

We note that the district court's findings suggest that some of EG & G's adverse actions may have been undertaken in retaliation for grievances asserted by Ms. Candelaria *other than* her 1978 charges against the company.[2] *See* Court's Findings of Fact and Conclusions of Law, App. at 32 ("the grievances of Plaintiff in 1978, *and thereafter*, were the motivating factor behind Defendant's personnel action regarding Plaintiff") (emphasis added). Whatever the merits of this finding may be, the critical issue in this case—as framed by Ms. Candelaria's complaint for breach of the Conciliation Agreement—is whether EG & G retaliated against her for her 1978 grievance. *See* Complaint for Damages for Breach of Contract and Intentional Infliction of Severe Emotional Distress,[3] App. at 6–7 (stating claim for breach of the Conciliation Agreement). Because the Conciliation Agreement forms the sole basis for Ms. Candelaria's claim that EG & G wrongfully retaliated against her, and because the Agreement only proscribes "retaliation of any kind against [Candelaria] *for*

---

2. For example, the record does disclose that Ms. Candelaria filed several charges against EG & G with the New Mexico Human Rights Commission in 1984 and 1986.

3. Ms. Candelaria's claim for intentional infliction of severe emotional distress was dismissed by the trial judge and is no longer an issue in the case.

*raising this [1978] complaint"* (App. at 51 (emphasis added)), we are convinced that the district court's reference to alternative retaliatory motives does not support the judgment entered.[4]

## IV. Conclusion

In the absence of sufficient evidence to support the district court's finding of retaliation in violation of the Conciliation Agreement, the judgment against EG & G for breach of contract cannot stand. Accordingly, the judgment is **REVERSED.**

---

4. In their briefs on appeal, the parties debate the significance in this regard of the district court's grant, at the close of trial, of Ms. Candelaria's request for "leave to amend the pleadings to conform with the evidence as to the contract claim." Appellant's Supp.App. at 161. The record does not indicate that Ms. Candelaria's amendment would, or could, enlarge the legal basis for her breach of contract claim, *e.g.*, by adding a claim for breach of a different contract between the parties or a claim for violation of the anti-retaliation provision in the New Mexico Human Rights Act, § 28–1–7(I)(2). On the contrary, the oral request for leave to amend itself requested amendment "to conform with the evidence as to the contract claim...." Supp.App. 161; and in a post-trial Response to Defendant's Motion to Amend Findings and Conclusions, Ms. Candelaria disavowed any reliance on the New Mexico Human Rights Act, asserting instead (albeit erroneously) that EG & G's alleged retaliation for post–1978 grievances violated the Conciliation Agreement. Plaintiff's Response to Defendant's Motion to Amend Findings and Conclusions at 2–3.

Suffice it to say that while the precise nature of Ms. Candelaria's amendment is uncertain, there is no indication in the record that it was intended to expand the legal basis for Ms. Candelaria's retaliation claim, and it is questionable whether it could do so in any event. *See Monod v. Futura, Inc.,* 415 F.2d 1170, 1174 (10th Cir.1969) (amendment of pleadings to conform to the evidence limited to issues actually tried and does not include "collateral issues which may find incidental support in the record").