UNITED STATES COURT OF APPEALS
**Filed 5/29/96**
FOR THE TENTH CIRCUIT

|  |  |
|---|---|
| WALTER RAY GRABOW,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. I-008, also known as Seiling Public Schools, of Dewey County, Oklahoma; BOBBY D. RUSSELL, in his official capacity as Superintendent of Independent School District No. I-008 of Dewey County, Oklahoma; MONTE WION; CHARLOTTE BILLINGS; BRUCE BENSCH; JANET HEDRICK; JAMES VOGELI, in their official capacities as members of the Board of Education of Independent School District No. I-008 of Dewey County, Oklahoma; CHARLES OAKES, in his official capacity as Secondary Principal for the Seiling Public Schools,<br><br>      Defendants-Appellees. | No. 95-6316<br>(D.C. No. CIV-94-1519-L)<br>(W.D. Okla.) |

ORDER AND JUDGMENT[*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, JONES,** and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Walter Ray Grabow appeals from a summary judgment in favor of defendants. We affirm.

Plaintiff was employed as a vocational agricultural instructor by the Seiling Public Schools from 1981 until 1993. He obtained tenure in 1984 under state law. He was terminated effective June 30, 1993, pursuant to the Seiling Public Schools reduction in force policy, after the State Department of Vocational and Technical Education withdrew certification of and funding for one of the school district's vocational agriculture programs. Plaintiff filed this action alleging claims for discrimination in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; retaliatory discharge; discharge in violation of the Due Process clause; breach of contract; and discharge in violation of public policy. Defendants moved for and were granted summary judgment.

---

** Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

We review the grant of summary judgment de novo, applying the same standards as the district court. Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show an absence of a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id.

Plaintiff first contends the district court erred in holding that Oklahoma's Teacher Due Process Act of 1990, Okla. Stat tit. 70, §§ 6-101.20 to -101.30, does not apply to the termination of a tenured teacher pursuant to a local reduction in force policy. However, the only procedures he contends he was denied were notice and a meaningful opportunity to be heard prior to his termination. Because plaintiff had a protected property interest in his job and was terminated pursuant to a reduction in force that he alleged was a sham aimed particularly at him, he was entitled to such procedures under the Due Process clause. See West v. Grand County, 967 F.2d 362, 368 (10th Cir. 1992). Thus, as plaintiff had a constitutional right to these procedures, we need not address whether he had a statutory right to them. We turn to whether he was provided with adequate notice and an opportunity to be heard.

It is undisputed that plaintiff received a letter from the Seiling School Board president stating that the Board voted on March 29, 1993, to "recommend the reduction of one vocational agriculture program and your position as a vocational agriculture instructor," and that the "determination was in accordance with our local reduction in force policy and the

3

recommendation to withdraw certification and funding by the State Department of Vocational and Technical Education." Appellant's App. Vol. I at 102. He was notified that, according to state law, he had a right to a hearing.

Plaintiff contends this letter notified him that the termination had been made, and he therefore did not receive pretermination notice and an opportunity to be heard. He notes the Board was the final decision maker and there was no one to whom to recommend his termination. He also argues the minutes of the March 29, 1993 Board meeting showed the Board had already voted to terminate him.

The minutes of the March 29 meeting show that the Board voted "to re-employ all certified teachers with the exception to recommend reduction of one Vocational Agriculture Program and Mr. Walter Grabow as a Vocational Agriculture Instructor for the 1993-94 school year." Id. at 92. The minutes of the April 26, 1993 Board meeting show that, following a hearing concerning plaintiff's termination, the Board "approve[d] the Superintendent's recommendation to terminate Mr. Walter Grabow effective June 30, 1993." Id. at 110. Board members Bruce Bensch, Charlotte Billings, and Janet Hedrick testified that the Board received a recommendation to terminate plaintiff from the superintendent on March 29, but did not vote to terminate plaintiff at that time. Id. at 293-94, 300-01, 303, 306, 308-09. Plaintiff's contention that this evidence is insufficient to entitle defendants to summary judgment because Charlotte Billings' testimony obviously was coached is to no avail. A plaintiff cannot rely solely on the possibility that the factfinder might not believe

4

the evidence, but rather must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

We disagree that the letter to plaintiff and minutes of the March meeting establish that the decision to terminate plaintiff was made at the March hearing. A vote to recommend a termination is not the same as a vote to terminate, notwithstanding the fact that there was no one to whom a recommendation could be made. The letter and minutes are at most ambiguous. However, this ambiguity was cleared up by the undisputed testimony of the Board members that they did not terminate plaintiff until after his hearing.

Plaintiff contends the notice misled him to believe he had already been terminated, and it therefore was ineffective. The inquiry for due process purposes is whether the notice apprised plaintiff of, and permitted adequate preparation for, the impending hearing. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978). While plaintiff argues on appeal that the misleading notice led him to fail to obtain legal counsel or to make other active attempts to protect his rights, the evidence submitted shows that he was represented by the Oklahoma Education Assocation at the hearing and that his representative presented a defense and cross-examined witnesses. He submitted no evidence on summary judgment showing that he would have obtained an attorney or presented any different case if the notice had more clearly informed him that the termination decision had not yet been made. We conclude that he was not denied due process.

5

Turning to the ADA claim, plaintiff first contends the district court erroneously believed there had to be a causal connection between plaintiff's disability and his termination to establish the claim. We disagree. The district court was well aware that plaintiff's contention was that defendants "were attempting to make his work conditions so unbearable that he would quit." Appellant's App. Vol. II at 572.

Plaintiff argues there is a factual dispute as to whether defendants reasonably accommodated his disability or intentionally created a hostile environment in an attempt to constructively discharge him. To qualify for relief under the ADA, the plaintiff must establish that he is a disabled person within the meaning of the ADA; that, with or without reasonable accommodation, he is able to perform the essential job functions; and that the employer acted adversely to him because of his disability. See White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995).[1] Reasonable accommodation is an issue only if the individual is not able to perform the essential functions of the job. Id. at 361-62.

Plaintiff's complaint alleged that, "despite his disability, [he] is capable of performing all essential functions" of his job. Appellant's App. Vol. I at 3. Thus, reasonable accommodation is not an issue. Further, plaintiff cannot establish a constructive discharge claim because he did not quit. See Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1534 (10th Cir. 1995). Finally, plaintiff conceded he had no evidence, other than his own belief, that

---

[1]     Defendants conceded for purposes of the summary judgment motion that plaintiff was a disabled person under the ADA. Appellant's App. Vol. I at 173.

6

there was a causal connection between his disability and having his desk removed, or being deprived of his own classroom so that he had to change classrooms and carry his teaching materials with him at least four times a day.  Appellant's App. Vol. I at 207-08.  Defendant Russell testified that he took no actions against plaintiff because of plaintiff's disability.  Id. at 266.  Plaintiff's unsupported allegations do not create a fact question for the jury on causation, and summary judgment therefore was appropriately granted on the ADA claim. See Smith v. Upson County, 859 F. Supp. 1504, 1515 (M.D. Ga. 1994), aff'd, 56 F.3d 1392 (11th Cir. 1995).

The next issue is whether the district court erred in granting summary judgment to defendants on plaintiff's retaliatory discharge claim.  To prevail on such a claim, a public employee must show he engaged in speech protected by the First Amendment, and that the protected speech was a motivating factor in an adverse employment decision.  Hom v. Squires, 81 F.3d 969, 974 (10th Cir. 1996).

With regard to his claim that he was terminated for speaking out about school operations, we need not address whether this was protected speech as we conclude plaintiff failed to show a causal connection between his speech and dismissal.  Plaintiff argues that whether protected conduct was a motivating factor is always a question of fact to be determined by a jury, citing Conaway v. Smith, 853 F.2d 789, 796 n.8 (10th Cir. 1988). While Conaway does state that the question of motivation is one of fact for the jury, this does not mean that the question must go to the jury if the plaintiff fails to respond to a summary

7

judgment motion with evidence showing the existence of a material issue of fact as to motivation. We held in Hom that a plaintiff's belief that he was dismissed in retaliation for exercising protected speech is insufficient, by itself, to defeat a summary judgment motion and send the case to the jury. 81 F.3d at 974-75. Plaintiff had to provide more than his belief to send the case to the jury on the issue of motivation.

We have recognized that a retaliatory motive can be inferred from an adverse employment action when there is a close temporal proximity between the protected activity and the adverse action. Smith v. Maschner, 899 F.2d 940, 948-49 (10th Cir. 1990). Plaintiff's latest allegedly protected speech concerning school operations took place in May 1992. He was terminated in April 1993, almost a year later. This is not the kind of close temporal proximity that raises an inference of a retaliatory motive. See id. at 948 (finding close temporal proximity where adverse action immediately followed protected activity); see also Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 (10th Cir. 1994)(retaliatory motive can be inferred where adverse action followed protected activity by one and one-half months); cf. Hom, 81 F.3d at 975 (no inference where protected activity occurred in 1987-88 and plaintiff terminated in 1989); Candelaria v. EG&G Energy Measurements, Inc., 33 F.3d 1259, 1262 (10th Cir. 1994)(no inference where adverse action followed protected activity by three years).

Plaintiff also claims he was terminated in retaliation for filing an EEOC charge in February 1993. A public employee has no First Amendment claim for actions taken in

retaliation for filing a lawsuit unless the lawsuit involves a matter of public concern. <u>Zorzi v. County of Putnam</u>, 30 F.3d 885, 896 (7th Cir. 1994). The EEOC charge alleged that plaintiff was denied equipment necessary for his classes and excluded from school functions because of his disability. As such, it did not relate to a matter of political, social, or other concern to the community, but rather involved only "matters of internal departmental affairs and personal interest." <u>Hom</u>, 81 F.3d at 974. Plaintiff cannot establish a First Amendment claim for retaliation based on filing an EEOC charge.

Finally, plaintiff contends that, because the district court's rulings on his other claims were erroneous, its grant of summary judgment on his state law claims likewise was erroneous. As we have concluded the district court's rulings on the federal claims were not in error, we reject plaintiff's contention that its grant of summary judgment on the state law claims was erroneous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

9