F I L E D
United States Court of Appeals
Tenth Circuit

FEB 3 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GINA F. MYERS,

    Plaintiff-Appellant,

    v.

LeFLORE COUNTY BOARD OF
COMMISSIONERS, also known as
Board of County Commissioners of
LeFlore County, Oklahoma,

    Defendant-Appellee.

No. 96-7127
(D.C. No. 96-CV-188)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Plaintiff Gina Myers appeals the district court's grant of summary judgment in favor of defendant LeFlore County Board of Commissioners on her claims under Title VII and the Equal Pay Act of 1963 for sexual harassment, sexual discrimination, retaliation, and unequal pay. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Myers was hired in April 1994 as a truck driver for LeFlore County. Her immediate supervisor was Leonard "Butch" Steelman, but Freddie Cox, county commissioner for District 3 in LeFlore County, had ultimate supervisory authority over all county employees. Myers' employment was terminated on September 8, 1995, and she filed this action against the Board.

We review the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed. R. Civ. P. 56(c). V-1 Oil Co. v. Means, 94 F.3d 1420, 1422 (10th Cir. 1996). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

*Sexual harassment*

Myers' allegations of sexual harassment focus primarily on various acts committed by Clinton Huckaby, an equipment operator for the county. Huckaby started to appear uninvited at Myers' home in July or August 1994, and he visited her home ten to twelve times during Myers' tenure with the county. On one occasion, he allegedly tried to grab and kiss her, but she pushed him away, telling him he was a married man. Myers did not tell Cox or Steelman about Huckaby's

visits to her home. In 1994, Myers found a birthday card on the windshield of her truck signed "Super Jerk," with a small drawing of a hand with the middle finger sticking up on the card. "Super Jerk" was the name Myers regularly called Huckaby. Sometime in 1994, Myers was working alone with Huckaby in a truck when he reached over and tried to touch her. On another occasion, sometime around Christmas 1994, Myers agreed to ride with Huckaby (apparently during working hours) to look at a piece of land he was considering purchasing. During the trip, Huckaby stopped the truck and kissed Myers. Myers did not report these incidents to Cox or to Steelman.

Myers was sitting with a coworker, Sam Hall, in the break room in February 1995 when Huckaby walked in and slapped her in the face with his open palm. Huckaby admitted he slapped Myers, but claimed it was a continuation of mutual teasing earlier in the day and was in response to Myers "flipping him off" under the table in the break room when he entered the room. Myers reported this incident to Cox, who initially suspended Huckaby for one week, but Huckaby alleges Cox ultimately reduced the suspension to two days. At least two other incidents of physical touching occurred on the part of Huckaby during Myers' tenure. On one occasion, Huckaby slapped Myers on the buttocks in the break room, and on another occasion, he grabbed her by the upper portion of her arm while they were in the break room. There is no evidence these incidents were

reported to Steelman or to Cox.

On or about September 7, 1995, while they were at work, Huckaby told Myers: "You know, there's no need for you to be lonely. Any time you want to get together, you just let me know." Myers responded: "Well, I wouldn't hold my breath." Appellant's App. I at 87. Myers spoke to Cox on or about September 7, 1995, about Huckaby allegedly telling her he wanted the truck she had been driving (which he had initially driven when it was purchased). In response Cox said: "Well, it's a pecking order kind of thing." Id. at 97-98.

In granting summary judgment in favor of defendant on Myers' claim of sexual harassment, the district court concluded the evidence was insufficient, as a matter of law, to demonstrate a hostile work environment, that Myers had failed to present evidence demonstrating defendant knew or should have known of the harassment, and there was no basis for holding defendant liable for the alleged acts. Myers asserts an extremely vague argument on appeal--"There is evidence of discrimination against [Myers] sufficient to submit this action to a jury." Appellant's Br. at 7. In support of her argument, Myers outlines the various actions she believes constituted sexual harassment (thus appearing to challenge the court's conclusion that the alleged harassment was insufficient to be actionable), but fails to discuss what evidence in the record, if any, would support liability on the part of defendant. Although she contends many of Huckaby's

-4-

actions were "brought to management's attention," this contention is not supported by the record. It is uncontroverted that Myers reported Huckaby had slapped her in the break room. However, there is no concrete evidence that Myers ever reported any of the other incidents.[1] Moreover, Myers does not discuss any theories of employer liability she thinks should apply in this case.

In light of the deficiencies in Myers' appellate brief, we seriously question whether she has challenged the district court's conclusion that there is no basis for employer liability. Even assuming, arguendo, that Myers has adequately challenged this aspect of the court's decision, a review of the record indicates the court's conclusion on this point is correct. Because all of the alleged harassment was committed by one of Myers' coworkers, the only viable basis for employer liability is the negligence standard set out in Restatement (Second) of Agency § 219(2)(b). To trigger liability under this standard, Myers must come forward with evidence indicating defendant knew or should have known of the alleged harassment. See Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1444 (10th Cir. 1997). The evidence presented by Myers indicates only that Cox was aware of the slapping incident and he acted immediately by sanctioning Huckaby for the incident. The record simply does not indicate Cox or Steelman knew or should

---

[1] In her deposition, Myers testified she thought she reported other harassment to Cox, but she could not remember when she did so or what she may have reported.

have known about any of the other incidents between Myers and Huckaby.[2]  See Pfau v. Reed, 125 F.3d 927, 939 (5th Cir. 1997) (hostile environment sexual harassment was not so open and obvious that employer should be charged with constructive notice because a substantial portion of harassment took place outside the presence of other employees, including some incidents away from the workplace).  Because defendant did not have knowledge of the other acts of harassment on the part of Huckaby, it could not have been negligent in failing to remedy the situation.

Myers argues a "rape" comment made by Steelman, her immediate supervisor, should also be construed as an incident of sexual harassment. However, Myers "may only rely on evidence relating to harassment of which she was aware during the time that she was allegedly subject to a hostile work environment." Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 782 (10th Cir. 1995).  In her initial charge of discrimination, Myers specifically stated she "was sexually harassed by Clinton Huckaby." Appellant's App. I at 67. During her subsequent deposition, she made no mention of hearing Steelman's comment.  Accordingly, we will not consider Steelman's comment in determining whether Myers has presented an actionable case of sexual harassment.

---

[2] Although some incidents were witnessed by other coworkers, most occurred either when Myers and Huckaby were alone at work or occurred after work at Myers' home.

Because we conclude Myers has failed to present sufficient evidence to create a triable issue of fact concerning defendant's liability for the alleged harassment, we find it unnecessary to address the district court's alternate basis for granting summary judgment, i.e., the evidence of harassment was not so severe as to create a hostile or abusive work environment.

*Sexual discrimination*

Myers alleges discrimination on the basis of her gender in her termination from employment. In dismissing this claim, the district court concluded she had failed to demonstrate defendant treated her less favorably then her male counterparts and she had failed to establish a prima facie case of sexual discrimination. The court further concluded even if she could establish a prima facie case, she had failed to come forward with evidence establishing any of the legitimate reasons offered by defendant for termination were pretextual.

To establish a prima facie case of disparate treatment gender discrimination, Myers must show (1) she belonged to the protected class; (2) she was qualified for the position; (3) despite her qualifications, she was discharged; and (4) she was treated less favorably than her male counterparts. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1174-75 (10th Cir. 1996). If she can establish a prima facie case of discrimination, the employer must then offer a

facially nondiscriminatory reason for its employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Marx v. Schnuck Markets, Inc., 76 F.3d 324, 327 (10th Cir.) (age discrimination), cert. denied, 116 S. Ct. 2552 (1996); Murray v. City of Sapulpa, 45 F.3d 1417, 1420-21 (10th Cir. 1995) (sex discrimination and retaliation). If the employer offers nondiscriminatory reasons for its employment action, Myers has the burden to produce "evidence upon which a factfinder could conclude that the defendant's alleged nondiscriminatory reasons for the employment decision[] are pretextual." Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir. 1994); see also Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995) ("At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual-- i.e., unworthy of belief.").

Assuming Myers can establish a prima facie case of discrimination, it is evident defendant has come forward with facially nondiscriminatory reasons for her discharge. As outlined in Cox's deposition, he discharged Myers because (1) county operations were not running smoothly; (2) Myers was a difficult employee to deal with because she was often moody and angry; (3) Myers was reprimanded more than any other county employee (for unexcused absences, sleeping on the job, etc.); and (4) Myers had little seniority among county workers. The critical

-8-

question is whether Myers has produced sufficient evidence to demonstrate a genuine issue of material fact concerning whether Cox's proffered reasons for her discharge are unworthy of belief. At best, evidence produced by Myers sufficiently challenges only the seniority factor. Notably, she has not controverted the fact that she left work without notifying anyone, was caught sleeping on the job, and was confrontational with her coworkers. We conclude the district court properly granted summary judgment in favor of defendant on Myers' claim for sexual discrimination.

*Retaliation*

Myers contends her employment was terminated in retaliation for reporting incidents of sexual harassment. In granting summary judgment in favor of defendant on this claim, the district court concluded Myers had failed to establish a prima facie case of retaliation and, in particular, there was insufficient evidence to demonstrate a causal connection between Myers' report of the slapping incident (the only incident of harassment actually reported) and her subsequent termination six months later.

To establish a prima facie case of retaliation under Title VII, Myers must demonstrate "(1) protected opposition to Title VII discrimination or participation in a Title VII proceeding; (2) adverse action by the employer subsequent to or

contemporaneous with such employee activity; and (3) a causal connection between such activity and the employer's adverse action." Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir. 1996). "The causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir. 1982). An inference of retaliatory motive can be made only if there is a close temporal proximity between the bringing of charges and the adverse action. See Candelaria v. EG&G Energy Measurements, Inc., 33 F.3d 1259, 1262 (10th Cir. 1994).

Our review of the record on appeal reveals no evidence of a causal connection between Myers' protected activity and her subsequent termination. At most, she has demonstrated only that she reported the slapping incident to Cox in February 1995 and she was discharged in September 1995. Under recent circuit precedent, it is clear the gap of six to seven months between the occurrences is not sufficient to justify an inference of causation. See Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir. 1997) (four-month time lag between participation in protected activity and termination not sufficient to justify inference of causation). Even assuming Myers was able to establish a prima facie case of retaliation, the record indicates defendant, through Cox, had ample reasons to terminate Myers' employment. In light of this evidence, the burden

was on Myers to produce evidence that her discharge was in retaliation for her protected activity. We conclude Myers has failed to meet this burden.

*Equal pay claim*

Myers alleged defendant violated the Equal Pay Act (EPA) by paying her a truck driver's salary even though she performed the same duties as higher-paid male equipment operators, and by denying her the same opportunity to work overtime as her male coworkers. To establish a prima facie case under the EPA, Myers has the burden of proving (1) she was performing work substantially equal to that of male employees, considering the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; and (3) the male employees were paid more under such circumstances. Tidwell v. Fort Howard Corp., 989 F.2d 406, 409 (10th Cir. 1993).

We have reviewed the record on appeal and conclude Myers has failed to present sufficient evidence to establish a prima facie case. The uncontroverted evidence indicates she was hired by defendant as a truck driver and was paid the same monthly salary as male truck drivers. Although she alleged she essentially worked as an equipment operator, the record does not support this allegation. Even assuming she did operate equipment on a regular basis to load and unload

her truck, the district court correctly concluded she "did not undertake these activities with the same frequency, skill, effort, or responsibility as possessed by seasoned equipment operators." Appellant's App. II at 721. Although there is limited evidence indicating some of the male equipment operators were lazy, this evidence does not demonstrate Myers was paid less because of her sex. To the contrary, all employees classified as truck drivers received the same pay. Whether the county's compensation system was fair or should have been merit-based is not at issue. As for Myers' assertion that she was denied the opportunity to work overtime, she has failed to come forward with sufficient evidence to support this claim. The only evidence cited by Myers is the deposition testimony of Horace Eaton, a truck driver who testified Myers did not receive overtime opportunities. However, Eaton's testimony on this point is confusing and suggests male coworkers were denied overtime opportunities as well. Ultimately, Eaton's testimony does not create a genuine issue of fact concerning Myers' claim that she was denied overtime on the basis of gender. We conclude the district court properly granted summary judgment for defendant on Myers' equal pay claims.

The judgment of the district court is AFFIRMED.  Defendant's motion to dismiss this appeal for Myers' failure to file a timely appellate brief is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge