**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL D. VANOVER,

      Plaintiff-Appellant,

v.

DEPARTMENT OF ENERGY,
Hazel O'Leary, Secretary of
Department of Energy,

      Defendant-Appellee.

No. 97-5162
(D.C. No. 95-CV-916-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Samuel D. Vanover appeals the district court's entry of summary judgment in favor of defendant on his employment discrimination and retaliation claims. We affirm.

Plaintiff was employed by the Southwestern Power Administration (SWPA), an agency of defendant Department of Energy, from December 1968 through February 1, 1996. In 1985, the SWPA denied plaintiff a promotion to general foreman, and later terminated him from his lineman position, based on his thrombophlebitis. In September 1988, an administrative law judge for the EEOC found that this conduct constituted handicap discrimination, and plaintiff was reinstated into the general foreman position.

In June 1992, a college student named Veronica McGuire began working at the SWPA in its Gore, Oklahoma office. Plaintiff returned from a leave of absence to the Gore facility in October 1992. Although disputed, McGuire claimed that plaintiff began to sexually harass her from the moment he returned to the facility. McGuire's allegations included numerous incidents of pinching her buttocks, unwanted massages in which plaintiff's hands would move close to her breasts, close physical contact where plaintiff would brush against her, several invitations to dinner, and numerous off-color jokes. Further, McGuire alleged that on one occasion plaintiff approached her with a polish sausage protruding from his unzipped fly and offered her a bite, that on another occasion he gave her

a gift "from the Line Crew" of a tee shirt with the words "Your hole is our goal," and that on November 12, 1992, plaintiff stood behind her, reached under her arms, and grabbed her breasts. See Appellant's App. I at 221-22. There was evidence that McGuire reported this last incident to coworkers and to her EEO officer several days later. McGuire did not make any formal charges against plaintiff until after she resigned on August 31, 1993.

During this same time period, the SWPA made a decision to reorganize. In April 1993, a meeting was held to discuss the reorganization, including the proposed elimination of the general foreman positions. During this meeting, Dallas Cooper, a management official, allegedly stated that plaintiff was "as good as gone." Appellant's App. II at 555. Plaintiff contends Cooper also told him he intended to weed out the older employees through the reorganization.

In September 1993, plaintiff decided to help an unsuccessful job applicant file sexual harassment charges against Cooper. When Veronica McGuire heard about this, she allegedly became so angry that she decided to file charges against plaintiff for his treatment of her during her employment at SWPA. Plaintiff, however, alleges that McGuire's boyfriend, a lineman under plaintiff's supervision, encouraged McGuire to fabricate the sexual harassment charges. Thereafter, the Department of Energy initiated an investigation into McGuire's charges.

In June 1994, the SWPA issued two different job announcements for the newly created transmission system maintenance manager positions, one to federal employees, and one to the general public. In September 1994, a panel composed of four upper management officials interviewed twenty-four applicants, including plaintiff. Each applicant was asked the same twenty-six questions, and each panel member independently ranked the applicants. When the rankings were combined, plaintiff was ranked sixteenth out of twenty-four. The head of the panel, Thomas Green, then evaluated the rankings together with the results of reference checks and the applicants' work experience, and selected three proposed candidates. Plaintiff was not one of these candidates. Upon approval of the proposed selections by Dallas Cooper, the successful applicants were offered the new positions in October 1994.

On July 24, 1995, the Department of Energy issued its final agency decision, finding that plaintiff had sexually harassed Veronica McGuire. The Department ordered the SWPA to consider taking disciplinary action against plaintiff. An independent review was conducted by Thomas Green, who recommended to Deciding Official Francis R. Gajan that plaintiff be removed. Gajan determined that removal was appropriate, based on plaintiff's violation of Title VII and the Department of Energy and SWPA policies against sexual harassment. Plaintiff was terminated on February 1, 1996.

Plaintiff brought two separate actions against the Department of Energy. The first alleged that he had not been promoted to the maintenance manager position because of his age and his participation in protected EEO activity. The second action alleged that he was terminated in retaliation for his protected activity. The two actions were consolidated, and summary judgment was granted in favor of defendant on the ground that there was no showing that defendant's proffered reasons for the SWPA's actions were pretextual. This appeal followed.

We review summary judgment rulings de novo, applying the same standard as the district court. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We examine plaintiff's age discrimination and retaliation claims using the three-stage analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See McKnight v. Kimberly Clark Corp., No. 97-5179, 1998 WL 384608, at *2 (10th Cir. July 10, 1998) (age discrimination); Richmond v. ONEOK, Inc., 120 F.3d 205, 208 (10th Cir. 1997) (retaliation). For summary judgment purposes, defendant conceded that plaintiff could prove a prima facie case of age discrimination or retaliation. Defendant met its burden on the second

-5-

prong by setting out legitimate nondiscriminatory reasons for the SWPA's failure to promote plaintiff and his subsequent termination from employment. The issue before us, then, is whether plaintiff met his burden of producing either (1) evidence that the SWPA based its employment decisions on plaintiff's age or protected activities, or (2) evidence that the employer's proffered explanations were merely a pretext. See generally McKnight, 1998 WL 384608, at *2. We conclude he did not meet this burden.

Plaintiff's only evidence of age discrimination was a comment by Dallas Cooper that he intended to weed out older employees through the reorganization. Cooper did not, however, participate in the process of selecting the maintenance managers other than approving the final list of candidates, which did not include plaintiff. Age-related comments by non-decision makers are merely "stray remarks" that are insufficient to meet a plaintiff's burden of showing an employer's action was based on age discrimination. See id. at *3.

Plaintiff also failed to raise a genuine issue whether retaliation motivated the SWPA to deny him the promotion to maintenance manager. He claims the SWPA retaliated against him for his successful EEOC proceeding in 1988, and for his assistance to the unsuccessful applicant in bringing sexual harassment charges against Dallas Cooper. Neither of these circumstances demonstrates that the SWPA's proffered reasons for not promoting plaintiff were pretextual.

Although plaintiff insinuates that after winning the EEOC action he was not reinstated into the general foreman position until October 1992, his resume indicates that he had been returned to this position by January 1990. See Appellee's Supp. App. I at 154. Thus, more than four and a half years passed between his successful EEOC action and his failure to obtain promotion into the maintenance manager position. This passage of time is simply too long to support an inference that the failure to promote plaintiff was related to his successful claim against the SWPA. See Candelaria v. EG&G Energy Measurements, Inc., 33 F.3d 1259, 1262 (10th Cir. 1994) (holding three-year gap between protected activity and adverse action did not support inference of retaliation).

Further, evidence that plaintiff assisted someone in bringing charges against Dallas Cooper a year before he was denied the promotion did not demonstrate retaliation, as Cooper was not involved in the actual selection of the maintenance managers, and there is no evidence that any of the panel members other than Thomas Green knew of the charges. It is significant that Green, despite his knowledge, gave plaintiff a higher rating than two of the other panel members, and equal to the rating given plaintiff by the third panel member. In addition, Cooper's participation in the decision to open the application process to non-federal employees did not, without more, create an inference of retaliation.

Plaintiff also failed to raise a genuine issue of fact as to the SWPA's motivation for terminating him. An extensive investigation by the Department of Energy concluded that plaintiff sexually harassed Veronica McGuire. A second investigation by SWPA manager Thomas Green arrived at the same conclusion. The record contains a great deal of evidence to support this conclusion. Plaintiff has not shown a genuine issue concerning the sincerity of the SWPA's belief that the charges were well-founded, even if, as he alleges, this belief was erroneous. See McKnight, 1998 WL 384608, at *3 (holding that if employer actually believed plaintiff committed claimed sexual assault, its proffered reason for termination was not pretextual, even if employer's belief was erroneous).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge