**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERESA L. CASKEY,

       Plaintiff-Appellant,

v.

COMMONWEALTH
BROADCASTING, INC., and
CRESCENT COMMUNICATIONS,
INC.,

       Defendants-Appellees.

No. 98-2111
(D.C. No. CIV-96-1803)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **WEST**,[**] Senior District Judge.

Teresa L. Caskey ("Caskey") was employed as an account executive by

Commonwealth Broadcasting, Inc. ("Commonwealth") for KRST-FM radio station in

Albuquerque, New Mexico in October, 1989, and continued in that employment until

October 6, 1995 when Commonwealth sold KRST-FM to Crescent Communications, Inc.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Lee R. West, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

("Crescent").  At the time of this sale all of Commonwealth's employees, including Caskey, were "terminated," with many of its employees, including Caskey, being immediately rehired by Crescent.  On November 21, 1995 Caskey tendered her resignation to Crescent.[1]  Before her resignation, Caskey on August 7, 1995 had filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Commonwealth for sexual harassment, sexual discrimination and retaliation and thereafter she filed on November 27, 1995 with the EEOC a charge of discrimination against Crescent for retaliation, harassment and forced resignation.  The EEOC mailed a notice of right to sue to Caskey on September 24, 1996 and she filed a complaint in the United States District Court for the District of New Mexico on December 24, 1996, naming as defendants both Commonwealth and Crescent.  Caskey thereafter filed a first amended complaint on June 16, 1997.

In the first amended complaint, which named both Commonwealth and Crescent as defendants, Caskey set forth six claims for relief.  In the first count Caskey alleged constructive discharge, harassment, retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.  In the second count Caskey charged both defendants with "retaliation" for statutorily protected conduct in violation of 42 U.S.C. § 2000(e), *et seq.*  Counts three through six were supplemental state claims.

---

[1]By memorandum to Caskey on the previous day, Caskey's  supervisor, Steve Sandman, advised Caskey that she could resign her position by 4 p.m. on that day and, in turn,  would be released from her non-compete agreement.

Commonwealth and Crescent thereafter filed separate answers to Caskey's first amended complaint. After extended discovery, both defendants filed separate motions for summary judgment on the ground that there were no genuine issues of material fact that would preclude the granting of summary judgment. Caskey filed a memorandum in opposition to defendants' motions for summary judgment, to which defendants filed separate replies.

After hearing, the district court granted defendants' motions for summary judgment on the first two counts in the complaint, and dismissed Caskey's state claims without prejudice. Judgment in accord therewith was duly entered. Caskey now appeals. We affirm.

In a most comprehensive Memorandum Opinion and Order the district court granted the defendants' separate motions for summary judgment. We are here concerned with Caskey's first two claims which were Title VII claims for constructive discharge, harassment, retaliation and discrimination, with a second count also charging retaliation for statutorily protected conduct in violation of 42 U.S.C. § 2000(e), *et seq*. As indicated, counts three through six are supplemental state claims which were dismissed without prejudice when the district court granted summary judgment in favor of both Commonwealth and Crescent on counts one and two. 28 U.S.C. § 1367 (c)(3).

The district court first considered and ruled on Crescent's motion for summary judgment. As an initial matter the district court held that on the record before it Crescent

and Commonwealth were not "interrelated entities" and that there was "no identity of interest" between the two. In this regard, as above stated, Commonwealth sold KRST-FM to Crescent on October 6, 1995. Hence, said the court, Commonwealth's actions could not be "applied" to Crescent, and "vice versa."

It was Caskey's alternative theory in the district court, and in this court, that even if Commonwealth's actions could not be "applied" to Crescent, or vice versa, Crescent's own actions occurring between October 6, 1995, the date when Crescent acquired KRST-FM from Commonwealth, and November 21, 1995, the date when Caskey resigned, established the Title VII claims set forth in counts one and two. In granting summary judgment for Crescent on counts one and two, the district court noted that Caskey in her deposition indicated that she did not have "anything specific" concerning any harassment and the like by Crescent during the six and a half weeks she was employed by Crescent. As concerns her claim of retaliation on the part of Crescent, the district court concluded that Caskey had 'failed to produce evidence creating a genuine issue of material fact regarding her Title VII retaliation claims . . . ." The district court also ruled that Caskey had failed to show a genuine issue of material fact in her Title VII claim of constructive discharge. Citing *Yearous v. Niobrara Cty. Mem'l Hosp.*, 128 F.3d 1351 (10th Cir. 1997), the district court held that Caskey had failed to show, *prima facie,* that "a reasonable person in plaintiff's position . . . had 'no other choice but to quit.'" And, finally, as to all of her Title VII claims against Crescent, the district court held that

Caskey had waived such claims against Crescent by failing to seek arbitration as required by her employment agreement with Commonwealth, which, by the sale, had been assigned to Crescent.

As concerns Commonwealth's motion for summary judgment on counts one and two, the district court reviewed the record relating to retaliation in some detail and concluded that Caskey had not shown a "prima facie case of retaliation." As indicated, Commonwealth did not discharge Caskey, constructively or otherwise, Caskey having resigned after the sale by Commonwealth of KRST-FM to Crescent. In this same general regard, the district court also held that Caskey had failed to establish that Commonwealth had otherwise taken "adverse action" against her, citing *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1381 (10th Cir. 1994). In thus holding, the district court stated that the fact that Caskey "felt ostracized," was excluded from a lunch and sensed "rudeness" from her supervisors did not constitute "adverse action." Further, the district court concluded that, even assuming "adverse action" by Commonwealth, Caskey had failed to show "causal connection" between the "protected activity" and the "allegedly adverse actions." *Candelaria v. E.G. & G Energy Measurements, Inc.*, 33 F.3d 1259, 1261 (10th Cir. 1994) Finally, the district court concluded that, in any event, Commonwealth had established "legitimate non-discriminatory reasons" for all its actions, which reasons were non-pretextual.

As concerns Caskey's claim of sex discrimination set forth in count one, the district court first noted that many of the acts relied on were "untimely" since they occurred more than 300 days before she filed her charges of discrimination with the EEOC as required by 42 U.S.C. § 2000e-5(e)(1). Also, the district court rejected Caskey's claim of a "continuing violation." *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310-11 (10th Cir. 1999). The district court then considered the various grounds advanced by Caskey to support her claim of sex discrimination and concluded that she had failed to make a prima facie showing. In like fashion, the district court concluded that Caskey had failed to make a prima facie showing of sexual harassment by Commonwealth, noting the "isolated incidents of alleged harassment, while inappropriate and boorish, do not constitute pervasive conduct."[2] *Smith v. Norwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1414 (10th Cir. 1997).

In this court, Caskey was represented at oral argument by counsel who did not represent her in the trial court, nor at briefing in this court, Caskey's brief having been prepared by trial counsel. Counsel's oral argument basically was that the district court tended to "trivialize" the alleged misdeeds of both Commonwealth and Crescent, and that

---

[2]Concerning Caskey's claim of constructive discharge by Commonwealth, the district court noted that her trial counsel had conceded that, if Commonwealth could not be held responsible for actions of Crescent, Caskey had no claim for constructive discharge against Commonwealth.

the summary judgment was inappropriate. She asked that the judgment be reversed and asked that the matters resolved by the district court be submitted to a jury.

As indicated, the district court's Memorandum Opinion and Order granting defendants' motions for summary judgment was quite comprehensive, consisting of some 28 typewritten pages, double spaced. In that order the district court reviewed quite carefully all the evidentiary matter before it, and discussed at considerable length the applicable legal authorities. Suffice it to say, we are in general accord with the district court's understanding of the various issues and we are in complete accord with the result reached. The district court did not commit reversible error.

Judgment affirmed.

ENTERED FOR THE COURT

PER CURIAM