**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD LEE SCHNELLE,

        Plaintiff-Appellant,

v.

ANN M. VENEMAN, Secretary, U.S.
Department of Agriculture,

        Defendant-Appellee.

No. 04-1100
(D.C. No. 01-M-667 (BNB))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Richard Lee Schnelle, a former firefighter with the United States Forest

Service (USFS), sued the Secretary of the Department of Agriculture, his former

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employer, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, alleging that his employment was unlawfully terminated in retaliation for his prior Equal Employment Opportunity (EEO) activity. The district court granted summary judgment in favor of the Secretary. Reviewing the grant of summary judgment de novo, and viewing the record evidence in the light most favorable to Mr. Schnelle, *see Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000), we affirm.

In June and November 1997, Mr. Schnelle and the USFS signed two confidential agreements resolving two EEO complaints he filed against the agency in 1993 and 1994. Pursuant to the second agreement, he began working on March 29, 1998 as a Lead Forestry Technician for the USFS. After a three-week fire-fighting assignment in Florida beginning in June 1998, his employment was terminated effective August 17, 1998, because he made inappropriate remarks to a female fire crew member, he displayed violent behavior and an explosive temper on several occasions, he transported alcoholic beverages in the fire engine, and he did not use personal protective equipment at all required times.

Mr. Schnelle, however, argues that his employment was terminated in retaliation for his prior EEO activity. Title VII prohibits retaliation against an employee who opposes any unlawful employment practices. *See* 42 U.S.C. § 2000e-3(a). To show retaliation, Mr. Schnelle must first present a prima facie

case of retaliation, proving that (1) he "engaged in protected opposition to discrimination;" (2) he suffered "an adverse employment action;" and (3) "there exists a causal connection between the protected activity and the adverse action." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). It is undisputed that Mr. Schnelle's filing the EEO complaints is protected activity and that his termination is adverse employment action. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999).

After reviewing the record, we conclude Mr. Schnelle cannot show the requisite causal connection between filing the EEO complaints and his termination. "A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (quotation omitted). "Unless there is very close temporal proximity between the protected activity and the [alleged] retaliatory conduct, the plaintiff must offer additional evidence to establish causation." *Id.* Here, over four years elapsed between the time Mr. Schnelle filed his first EEO complaint and his termination. *See id.* (recognizing three-month period alone is insufficient to establish causal connection); *cf. Candelaria v. EG & G Energy Measurements, Inc.,* 33 F.3d 1259, 1262 (10th Cir. 1994) (holding in contract dispute case citing Title VII cases that there is no inference of retaliatory motive where relevant

-3-

charges preceded employer's adverse action by as much as three years). Thus, there is no temporal proximity between the EEO activity and the termination.

Mr. Schnelle failed to present any additional evidence creating a genuine issue of material fact on the causation issue. Nothing in the record shows that any person having any involvement in his termination acted in retaliation. Kasey McEuen prepared his case analysis, notice of proposed termination and notice of termination. She, however, had no knowledge of his EEO activity. *See Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993) (holding that to establish prima facie case of retaliation, plaintiff must demonstrate that individual alleged to have taken adverse action knew of plaintiff's protected activity). Although both Ms. McEuen's supervisor and Mr. Schnelle's supervisor, who signed the notice of termination, were aware of Mr. Schnelle's EEO activity, nothing in the record indicates they made decisions based on retaliatory reasons. And the procedures followed in terminating Mr. Schnelle's employment did not give rise to an inference of retaliatory motive. Accordingly, we conclude Mr. Schnelle has not presented a prima facie case of retaliation. [1]

---

[1] Although the district court did not address whether Mr. Schnelle presented a prima facie case of retaliation, we are free to "affirm the district court for any reason supported by the record." *Amro v. The Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000).

Even if we were to conclude that Mr. Schnelle presented a prima facie case of retaliation, the evidence overwhelmingly supports the Secretary's proferred reasons for the termination, and Mr. Schnelle presents nothing that would cause a reasonable finder of fact to determine that the reasons are unworthy of belief. *See Anderson*, 181 F.3d at 1180. Therefore, as the district court found, Mr. Schnelle cannot show pretext. [2]

We AFFIRM the district court's judgment. Mr. Schnelle's motion for an order to cease and desist is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Chief Judge

---

[2] In his reply brief, Mr. Schnelle argues, for the first time before this court and without further elaboration, that he intends to assert on appeal that the Secretary failed to comply with the EEO agreements. Reply Br. at 5. We need not address this conclusory argument because it was raised for the first time in the reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failing to raise issue in opening brief waives that issue).